**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALBERT AROCHA

Plaintiff,

v. No. 2:26-cv-697-KWR-KRS

GOODLEAP, LLC, *f/k/a* PARAMOUNT EQUITY MORTGAGE, LLC; NEWREZ, LLC, *d/b/a* SHELLPOINT MORTGAGE SERVICING; FCI LENDER SERVICES, INC; and WILMINGTON SAVINGS FUND SOCIETY, FSB, *as Owner Trustee of Residential Credit Opportunities Trust X-C*,

Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte* upon its review of the docket.

### Background

This case was removed from the Twelfth Judicial District Court in Otero County, New Mexico on March 6, 2026 by Defendant Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") on the basis of diversity of citizenship. *See* (Doc. 1 (Notice of Removal)). Shellpoint's co-defendants—FCI Lender Services, Inc. ("FCI Lender"), Wilmington Savings Fund Society, FSB ("Wilmington"), and GoodLeap, LLC, formerly known as Paramount Equity Mortgage, LLC ("GoodLeap")—consented to the removal. Plaintiff's verified pro se complaint (Doc. 1-1 at 5-64) was filed in state court on January 20, 2026, and asserts a variety of claims stemming from an alleged "pattern of mortgage servicing misconduct, breach of contract, and deceptive lending practices" related to property located at 716 Luna Drive, Spc. D, Chaparral, New Mexico 88081. (*Id.* at 5 ). Among other things, Plaintiff alleges that when he took out a mortgage loan in 2017, the originating lender "verbally assured Plaintiff that the monthly payment of

$433.00 would cover principal and interest only and that no escrow account would be maintained"; that he later discovered that escrow was being charged to the loan even though it had previously been agreed that "escrow payments were Plaintiff's responsibility and were being paid directly by Plaintiff"; and that subsequent loan servicers have continued to charge escrow. At some point, Defendant Shellpoint initiated a foreclosure action against Plaintiff, which was based on a default by Plaintiff that allegedly was "caused directly by Defendants' failure to properly account for payments and disclose accurate servicing information." (*Id.* ¶ 23).

After the state court complaint was removed, Defendants filed answers and the Court issued an Initial Scheduling Order, which required, among other things, that the "parties, appearing through counsel or pro se," "'meet and confer' no later than March 30, 2026 to formulate a provisional discovery plan," and to "cooperate in preparing a Joint Status Report and Provisional Discovery Plan." (Doc. 9). Shellpoint, as the removing Defendant, was instructed to file the JSR by April 6, 2026. (*Id.* at 2). The Initial Scheduling Order further provided that "[i]f, due to a party's pro se status, any party encounters an issue that prevents them from filing a joint report, the parties are directed to file separate reports by the deadline, which, in addition to the required contents as set forth [in the order], explains why they were prevented from filing a joint report." (*Id.* at 2 n.1).

Shellpoint filed the JSR on April 10, 2026. Among other things, the JSR states that it was being filed without Plaintiff's contributions because Plaintiff did not attend the parties' Rule 26 Conference, despite being invited to do so. (Doc. 16 at 1). The JSR further states that "counsel for all Defendants contacted Mr. Arocha multiple times, requesting his additions to [the Joint Status] Report," but that, as of its filing, counsel had "yet to receive a response from Plaintiff concerning this Report." (*Id.*). No separate JSR was ever filed by Plaintiff. A telephonic Rule 16 telephonic scheduling conference was held on April 15, 2026, at which Plaintiff failed to appear. *See* (Doc.

19). Despite Plaintiff's failure to appear, the Court entered a scheduling order, which provides that discovery is due by November 2, 2026, and that dispositive motions must be filed by December 28, 2026. (Doc. 21).

On June 2, 2026, Defendants Wilmington and FCI Lender filed a motion to amend their answer to permit the assertion of foreclosure counterclaims. (Doc. 24). Plaintiff did not file a response to the motion, which was granted by the presiding judge as unopposed on July 10, 2026. (Doc. 26).

On July 14, 2026, Defendants Wilmington and FCI Lender filed a motion to dismiss Plaintiff's claims pursuant to Rule 9(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 27). Plaintiff did not file any response to that motion in the time allowed by the Local Rules, which has now expired. The motion is currently pending on the docket.

On September 10, 2026, Shellpoint filed a motion to compel Plaintiff's responses to written discovery. (Doc. 30). Plaintiff did not respond to that motion, and therefore the motion was granted as unopposed. (Doc. 31).

## Discussion

Since this case was removed to federal court on March 6, 2026 through the current date, the record reflects no appearance by the pro se Plaintiff, nor any activity by Plaintiff to proceed with the claims asserted in the removed state court complaint, whether through discovery or otherwise. Pursuant to D.N.M.LR-Civ. 41.1, "[a] civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward."

**IT IS THEREFORE ORDERED** that Plaintiff show cause no later than November 19, 2026, why his claims against Defendants Shellpoint, GoodLeap, FCI Lender, and Wilmington, should not be dismissed without prejudice for failure to prosecute under D.N.M. LR-Civ. 41.1.

IT IS SO ORDERED this 19th day of October, 2026.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE